**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| RICKY DEAN DIVELEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 4:26-cv-00687-SEP |
| KIMBERLY JULIAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Ricky Diveley's Application to Proceed in District Court Without Prepaying Fees or Costs. *See* Doc. [2]. Because Plaintiff is incarcerated at the Eastern Reception Diagnostic Correctional Center and unable to work outside the prison,[1] the Court will assess an initial partial filing fee of $1.00.[2] Further, for the reasons set forth below, Plaintiff's damages claims against Defendants will be stayed and the case administratively closed pending the completion of Plaintiff's state prosecution, and the Court will deny and dismiss without prejudice Plaintiff's request for release from confinement.

### LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a

---

[1] In Plaintiff's application, he provided information related to his employment prior to his incarceration. While he is incarcerated, the Court is unable to use such data to calculate his initial partial filing fee.

[2] Because Plaintiff has not submitted a prison account statement, the Court will require Plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  But even pro se complaints must "allege facts, which if true, state a claim as a matter of law."  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").  And "procedural rules in ordinary civil litigation" need not be interpreted so as to excuse mistakes by those who proceed without counsel."  *McNeil v. United States*, 508 U.S. 106, 113 (1993).

### THE COMPLAINT

Plaintiff filed the Complaint on May 4, 2026, against Kimberly Julian, Asa's Auto and Truck Repair, U-Haul Company, and Curtis Collins.  Doc. [1].  The Civil Cover Sheet does not indicate a basis for this Court's jurisdiction.  Doc. [1-1] at 1.  Plaintiff does state that the case involves torts and civil rights.  *Id.*

The focus of this action is Plaintiff's August 2025 arrest and criminal prosecution for stealing a U-Haul van and the tools allegedly contained therein.  *See State v. Diveley, Jr.,* No. 25JE-CR01965-01 (23rd Jud. Cir. Jefferson County).[3]  He blames both Kimberly Julian, an

---

[3] The Court takes judicial notice of the court records relating to Plaintiff's state criminal prosecution.  *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005)

employee of Asa's Auto and Truck Repair and U-Haul Company, as well as Curtis Collins, the person who rented the U-Haul, for his arrest.  Doc. [1-2] at 1-4.

According to the probable cause statement filed by Deputy Cora with the Jefferson County Sheriff's Department, Collins rented a U-Haul van from Kimberly Julian at Asa's Auto and Truck Repair on May 23, 2025, to use on a job.  *See State v. Diveley, Jr.,* No. 25JE-CR01965 (23rd Jud. Cir. Jefferson County).  At the end of the workday, Collins and Plaintiff drove to Collins's residence.  *Id*.  While Collins was in the shower, Plaintiff left the residence in the van without permission.  *Id*.  Plaintiff did not return with the van or answer Collins's phone calls.  *Id*.  Collins attempted to reach Plaintiff by phone for multiple days, but Plaintiff did not respond.  *Id*.  Collins also attempted to locate the van at prior job sites, but was unsuccessful.  *Id*.

When the Jefferson County Missouri Sheriff's Office contacted Plaintiff on June 3, 2025, Plaintiff claimed that he did not have the van, and it should be at a prior job site.  *Id*.  Plaintiff later informed Deputy Cora that the van would be dropped off at the Pevely Car Wash.  *Id*.  When the van was found, Collins claimed his personal property was missing, including three Stihl chain saws, a climbing belt, tree spikes, 500 feet of rope with a brake, and a Milwaukee half-inch drill pipe.  *Id.*  Collins estimated the total worth of the missing equipment as $5,100.  *Id*.  On August 27, 2025, Plaintiff was charged in Jefferson County Circuit Court with two class D felonies:  1) stealing a motor vehicle and 2) stealing property worth over $750.  *Id.*

In the instant Complaint, Plaintiff alleges that Kimberly Julian and Curtis Collins ruined his life by making false accusations against him.  Doc. [1-2] at 3.  He also alleges that he was unlawfully sentenced on a probation violation on February 6, 2026, in *State v. Diveley, Jr.,* No. 21JE-CR00827-01 (23rd Jud. Cir. Jefferson County),[4] because of Defendants' actions, namely the false accusations that he stole the U-Haul van and took Collins's personal property.  Doc. [1-2] at 1.  Plaintiff claims that Julian told him on the phone when he spoke to her on June 3, 2025, that he had to have the U-Haul back by 5:00 p.m.  *Id.*  He asserts that she should not have blamed him for the theft of the van because he was not the one who rented it.  *Id.*  Additionally, Plaintiff claims that he has a witness who will testify in his state criminal action that Collins lied when he

---

[4] On November 22, 2022, Plaintiff pled guilty and was sentenced to a Suspended Execution of Sentence (SES) of 5 years in the Missouri Department of Corrections for the crimes of driving on a suspended/revoked license and felony resisting arrest.  *See State v. Diveley, Jr.,* No. 21JE-CR00827-01 (23rd Jud. Cir. Jefferson County).

3

told the police that Plaintiff stole his personal property from the van. *Id.* at 1-2.  Plaintiff alleges that Collins had previously stolen Plaintiff's trailer, tools from his garage, power tools, his golf clubs, chainsaws, and cash he gave him for materials for their business and antiques. *Id.*

Plaintiff seeks damages from Defendants for false accusations, defamation, lost wages, "pain and suffering," and "mental anguish," in an amount up to $1.5 million.  Doc. [1] at 5; *see also* Doc. [1-2] at 2.  Plaintiff also seeks release from prison. *See id*.

### DISCUSSION

Federal courts have a "virtually unflagging obligation" to decide cases within their jurisdiction. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court carved out a narrow exception to that rule, requiring federal courts to abstain from interfering with pending state court criminal proceedings except in special circumstances. *See Wassef v. Tibben*, 68 F.4th 1083, 1086-87 (8th Cir. 2023) (discussing *Younger*, 401 U.S. 37).  The Supreme Court has broadened the exception over time, but "*Younger* abstention only applies to three 'exceptional' categories of cases:  (1) 'ongoing state criminal prosecutions;' (2) 'certain civil enforcement proceedings;' and (3) 'pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Id*. at 1087 (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013)).  The Eighth Circuit uses a three-part inquiry to determine whether *Younger* abstention applies:

> First, does the underlying state proceeding fall within one of the three "exceptional circumstances" where *Younger* abstention is appropriate?  Second, if the underlying proceeding fits within a *Younger* category, does the state proceeding satisfy what are known as the "*Middlesex*"[5] factors?  And third, even if the underlying state proceeding satisfies the first two inquiries, is abstention nevertheless inappropriate because an exception to abstention applies?

*Id.* (quoting *375 Slane Chapel Rd. v. Stone Cnty.*, 53 F.4th 1122, 1127 (8th Cir. 2022)).

Applying the three-part inquiry in this case, the Court finds that it must abstain pursuant to *Younger*.  An ongoing state criminal court proceeding is the paradigmatic exceptional

---

[5] In *Middlesex County Ethics Committee v. Garden State Bar Association*, a case involving state attorney disciplinary proceedings, the Supreme Court articulated three factors relevant to deciding whether *Younger* abstention applies:  (1) is there an "ongoing state judicial proceeding" that (2) "implicate[s] important state interests," and (3) provides the federal plaintiff an "adequate opportunity . . . to raise constitutional challenges."  457 U.S. 423, 432 (1982).  These are commonly called the *Middlesex* factors.

circumstance warranting *Younger* abstention. *See, e.g., Sprint Commc'ns,* 571 U.S. at 79 (using a criminal prosecution as the model for determining whether a state civil enforcement proceeding should trigger *Younger* abstention); *Wassef,* 68 F.4th at 1087 (noting *Younger*'s extension to civil proceedings "akin to a criminal prosecution" (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975))). Such a proceeding also easily satisfies the *Middlesex* factors: It is an "ongoing state judicial proceeding," implicating "important state interests," in which Plaintiff may raise federal constitutional challenges. 457 U.S. at 432. And nothing in the Complaint suggests that an exception to *Younger* abstention might apply. It lacks any plausible allegation that "the pending state action was brought in bad faith or for the purpose of [harassment]," or that any other "extraordinary circumstances" exist here that would make applying *Younger* abstention inappropriate. *Trainor v. Hernandez*, 431 U.S. 434, 446–47 (1977); *see also, e.g.*, *Juidice v. Vail,* 430 U.S. 327, 338 (1977) (noting *Younger* abstention exception where "state proceeding is motivated by a desire to harass or is conducted in bad faith" (quoting *Huffman,* 420 U.S. at 611).

When a federal court abstains pursuant to *Younger*, it dismisses without prejudice a plaintiff's claims for injunctive relief. *Wassef,* 68 F.4th at 1091. Where *Younger* abstention applies to a case that also seeks monetary damages, courts should not dismiss those claims but instead stay them pending the end of the relevant state court proceedings. *See, e.g., Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 730 (1996) (citing *Growe v. Emison*, 507 U.S. 25, 32 (1993)); *Yamaha Motor Corp., U.S.A. v. Stroud*, 179 F.3d 598, 603-04 (8th Cir. 1999) ("When monetary damages are sought in addition to injunctive relief . . . the case should not be dismissed."). In this case, Plaintiff seeks both release from confinement and damages.

The Court will deny and dismiss without prejudice Plaintiff's claim for release from confinement, as that claim is properly brought after the completion of his criminal proceedings in habeas corpus under 28 U.S.C. § 2254, after Plaintiff exhausts his administrative remedies in state court with respect to his claims. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

Plaintiff's damages claims against Defendants will be stayed pending the final resolution, including any appeals and post-conviction motions, of Plaintiff's state court criminal proceedings in *State v. Diveley, Jr.,* No. 25JE-CR01965-01 (23rd Jud. Cir. Jefferson County).

5

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial partial filing fee of $1.00 within 30 days of the date of this Memorandum and Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: 1) his name; 2) his prison registration number; 3) the case number; 4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's claim for release from confinement is **DENIED AND DISMISSED without prejudice**.  A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that the remainder of this action is **STAYED** and **ADMINISTRATIVELY CLOSED** pending the final resolution, including any appeals and post-conviction motions, of Plaintiff's state court criminal proceedings in *State v. Diveley, Jr.,* No. 25JE-CR01965-01 (23rd Jud. Cir. Jefferson County).

**IT IS FURTHER ORDERED** that within 30 days of the resolution of all appeals and post-conviction proceedings in *State v. Diveley, Jr.,* No. 25JE-CR01965-01 (23rd Jud. Cir. Jefferson County), Plaintiff may file a motion to reopen the present matter.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [3], is **DENIED without prejudice at this time given that this matter will be administratively closed**.

Dated this 12th day of June, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE